## H. H. NEVENS & COMPANY, (Corporation),

*vs.*

## WILLIAM H. BULGER AND ALFRED G. BULGER.

Hancock.    Opinion January 11, 1900.

*Partnership.    Notice of Dissolution.    Evidence.*

All the partners of a firm, which has had continuous dealing with another, are liable to him for goods purchased of him upon the credit of the firm after dissolution of it, if he have no notice thereof.

In a suit to recover merchandise sold to a partnership, from which one partner had retired unknown to the plaintiff, the publication of notice of dissolution, not known to the plaintiff, is inadmissible in evidence.

Postal cards, signed by the defendant firm, ordering goods of the plaintiff are competent evidence to show the sale of the goods, and for this purpose are admissible, even though they were not written by authority of the retiring partner.

ON EXCEPTIONS BY DEFENDANT.

This was an action of assumpsit on account annexed by plaintiff, a corporation located at Portland, against defendants, alleged to be partners in trade at Bar Harbor as Bulger Brothers, for goods sold and shipped to Bulger Brothers, Bar Harbor, between June 1 and June 25, 1897, amounting to four hundred and eighty-four dollars, which goods were received by the defendant Alfred G. Bulger, who was doing business at Bar Harbor under the name of Bulger Brothers at that time.

The defendants, who were brothers, formed a partnership in 1893, by written articles of agreement, to carry on the business of a store at Bar Harbor under the name of Bulger Brothers, and carried on such business until April 30, 1896, when the partnership was dissolved by mutual agreement, evidenced by written articles of dissolution; the purchasing partner, Alfred G. Bulger, continuing to carry on the business under the name of Bulger Brothers until his bankruptcy in October, 1898.

The plaintiff dealt with and sold goods on credit to the defend-

ants during their partnership, knew of the partnership and relied upon it.

Plaintiff claimed to have received no notice of the dissolution. The defendants claimed otherwise. The question at issue was whether the plaintiff, prior to June 1, 1897, had received notice or knew of the dissolution.

The defendants offered in evidence a notice of dissolution of partnership published in the Bar Harbor Record newspaper November 11, 1896. On the objection of the plaintiff this notice was excluded.

The defendants also offered to show the number of times that said notice had been published, but this testimony was excluded upon the objection of the plaintiff. It had previously appeared, without objection, on direct examination of defendants' witnesses that a notice was published. Upon the offering of the notice, the court inquired of counsel for defendants whether he proposed to show that the notice as published had been brought to the attention of the plaintiff or its agent prior to June 1, 1897, and counsel for defendant said that he was not willing that the notice should be admitted on the understanding that he should so prove.

It appeared in evidence that an agent of the plaintiff visited Bar Harbor and the store of the defendants and remained over night at Bar Harbor once a week, on the average, from May to October, less frequently from October to May. This agent was the one who sold a considerable part of the goods sued for to the defendant, and a part of whose duty it was also to obtain knowledge of the credit and standing of the defendants. The defendants claimed both that express notice of the dissolution of partnership was given to the plaintiff by them, and also that the circumstances would authorize the jury to find that the plaintiff or its agent must have had actual knowledge of the dissolution prior to June 1, 1897. The agent referred to was a witness for the plaintiff and was not asked whether he had seen the notice in the Record newspaper, but he denied that he had, prior to June 25, 1897, received any notice or had any knowledge of the dissolution of partnership.

No question as to the liability of Alfred G. Bulger was raised, and William H. Bulger defended on the ground that he was not liable as a partner.

The plaintiff offered in evidence, during its direct testimony, twenty-one postal cards, all dated at Bar Harbor, from October, 1896, to June, 1897, inclusive, signed Bulger Brothers, and directed to H. H. Nevens & Co., Portland, Maine, ordering various goods, of which cards the following are examples:

Send us 5 lbs. white whole pepper.
100 lbs. best rice.                              Bulger Brothers.
Bar Harbor, June 16, 1897.

Send us one bbl. Y. E. beans.
Bar Harbor, Nov. 27, 1896.                     Bulger Brothers.

To the admission of all these cards, the defendant, William H. Bulger, seasonably objected on the ground that they were not admissible to bind him, as they had not been written or authorized by him. The cards were admitted in evidence on the ground that no evidence had been presented by the defendants of a dissolution of partnership. Evidence had been presented by the plaintiff showing a partnership of the defendants commencing in 1893. No evidence of a dissolution of partnership nor any other evidence had been presented by the defendants up to that point of the trial. The defendant, William H. Bulger, had filed an affidavit denying partnership, said affidavit having been filed at the previous October term, and prior to the trial had filed his pleadings denying partnership and his liability as a partner.

To the exclusion of the evidence offered by him, and to the admission of the evidence against his objection, the defendant, William H. Bulger, was allowed his exceptions.

The bill of exceptions contained a copy of the articles of the co-partnership and its dissolution. And it was also stipulated that either party might present to the law court a report of all the evidence in the case to be considered as a part of the exceptions; but no report of the evidence was presented.

*L. B. Deasy*, for plaintiff.

It seems to be clearly established by authorities that when a partnership is dissolved, a notice of dissolution must be given, otherwise either partner may bind the other by continuing to buy goods and make contracts under the firm name with persons who have no knowledge of the dissolution. It seems also clearly established that as to strangers, i. e. persons with whom the firm has had no previous dealings, a public notice, a notice published in a newspaper, is sufficient. But it is as firmly settled that persons with whom the partnership has had previous dealings, must have actual notice.

*Pitcher* v. *Barrows*, 17 Pick. 365; *Goddard* v. *Pratt*, 16 Pick. 432; *Marlett* v. *Jackman*, 3 Allen 292; *Central National Bank* v. *Frye*, 148 Mass. 500; *Munroe* v. *Conner*, 15 Maine, 180; *Almira Rolling Mill Co.* v. *Harris*, 124 N. Y. 280; *Austin* v. *Holland*, 69 N. Y. 575; *Lyon* v. *Johnson*, 28 Conn. 1; *Lovejoy* v. *Spafford*, 93 U. S. 430; *Prentiss* v. *Sinclair*, 5 Vt. 149; *Amidown* v. *Osgood*, 24 Vt. 278.

If there had been an issue between the parties as to whether there had been previous dealings between the parties, then in such case the notice should have been admitted. The court would not be justified in assuming that there had been such previous dealings. Neither could the court determine such fact. That issue (an issue of fact) would have been one for the jury, and in such case the notice should have been admitted, and the jury instructed that such notice might be sufficient if there had been no previous dealings between the parties. Thus in *Watkinson* v. *Bank of Pennsylvania*, 4 Wharton, 484, (34 Am. Dec. 521) the court say : " The newspaper notice should have been admitted, because if the plaintiff were not a customer it would be admissible, and it is for the jury and not the court to decide whether there had been previous dealings between the parties."

If defendant has introduced some evidence tending to show that the notice as published came to the attention of the creditors, then in connection with such evidence the notice itself might be admissible. Sometimes such newspaper notice is offered in evidence

accompanied with proof that the party sought to be charged with actual notice was subscriber to or regular purchaser or reader of the paper; this is not sufficient however to prove actual notice. In the case of *Lincoln* v. *Wright*, 23 Pa. 76, (62 Am. Dec. 318), the court say: "The statement of a fact in a public paper is either actual notice or else no notice at all. There is no rule of law which gives it the effect of constructive notice. It must therefore be proved that he read it, otherwise it is no stronger than proof that the fact was orally and publicly uttered at a place where he was not present. To show that he was in the habit of reading the paper which contained it does not help the matter. If he must be presumed to know every fact which happens to be published in a daily paper merely because he is a subscriber or habitual purchaser of it, he can make himself safe only by ceasing to take it or else by reading every word in it. To do one would be a heavy burden upon a man of business, and the other would be a serious privation. The law puts no citizen to a choice of such evils." The defendants' counsel disclaimed any intention of showing that the notice was brought to plaintiff's attention; whereupon the notice was objected to and properly ruled out.

In the case of *Pitcher* v. *Barrows*, supra, a dissolution of partnership was claimed and the plaintiffs denied notice of it. The defendants offered in evidence the record in the registry of deeds of an instrument relied upon as a dissolution of partnership. They also offered evidence of the notoriety of the fact of dissolution. No public notice had been given and no notice to the plaintiffs. It was held that the above evidence was inadmissible.

The case of *Central National Bank* v. *Frye*, 148 Mass. 500, was an action by a bank against a partnership, one of the members of which claimed to have withdrawn before the debt was contracted. The court say: "On the question whether if he had left, due notice was given, evidence was admitted that it was known in the trade and generally among business men. If the plaintiff had been a previous trader with the firm and entitled to actual notice, this evidence would not be sufficient or indeed admissible under our decisions to show that it received notice." In the case of *Scheiffelin*

v. *Stevens*, N. C. 1 Winston's Law, 106 (84 Am. Dec. 355), the question at issue was exactly the same question here. The defendant and one Boyd were partners in business in Asheville, North Carolina. The firm was dissolved and notice of dissolution was published in the Asheville Spectator. Boyd continued to buy goods in the name of Boyd & Stevens. Two or three years after the dissolution he bought the goods sued for of the plaintiffs in the firm name, but without the knowledge or consent of Stevens. The verdict was for the defendant, but upon the appeal the judgment was reversed. The court say: "We think it was the duty of the partners in Asheville to give notice of the dissolution of their co-partnership to their correspondents in New York, and that a publication of it in the Asheville Spectator was not actual notice, nor did it furnish any evidence from which such notice could be inferred."

No case can be cited where a newspaper notice has been held admissible when offered alone, not only unsupported by other circumstances, but bearing the burden of a disclaimer of intention to bring it home to the plaintiff, and this against a party with whom the defendants were admitted to have had previous dealings.

The defendant was not injured by the exclusion of the testimony; nor does he show to the court what the evidence is. *Holbrook* v. *Knight*, 67 Maine, 246; *Noyes* v. *Gilman*, 71 Maine, 399; *Soule* v. *Winslow*, 66 Maine, 451; *Bryant* v. *R. R. Co.*, 61 Maine, 303; *Toole* v. *Bearce*, 91 Maine, 214.

Where written evidence is excluded, the bill of exceptions should set out the instrument with the grounds on which it was excluded. *Crowley* v. *Appleton*, 148 Mass. 101; *Warren* v. *Spencer Water Co.*, 143 Mass. 164; *Morville* v. *American Tract Soc.*, 123 Mass. 139; *Noyes* v. *Gilman*, 71 Maine, 398; *Howes* v. *Tolman*, 63 Maine, 258; *Com.* v. *Smith*, 163 Mass. 429; *Small* v. *Sacramento Co.*, 40 Maine, 274; 3 A. & E. Ency. Pl. & Pr. 427, 428, note.

At the time these postal cards were offered, the agreement of partnership had been offered and admitted,—the defendant William H. Bulger had denied the partnership by affidavit and

also by his pleadings. But no evidence of dissolution had been introduced. It is a well-settled principle that a relation or condition once shown to exist is presumed to continue until the contrary appears in evidence. This is true of, Title, *Porter* v *Bullard*, 26 Maine, 448; Seizin, *Brown* v King, 5 Met. 173; Ownership of stock, *Barron* v *Paine*, 83 Maine, 324; Residence, *Greenfield* v *Camden*, 74 Maine, 56; Domicile, *Chicopee* v *Whately*, 6 Allen, 508; Coverture, *Erskine* v. *Davis*, 25 Ill. 251; Solvency, *Wallace* v. *Hull*, 28 Ga. 251; Insolvency, *Mullen* v *Pryor*, 12 Mo. 307.

The same principle is true of partnership: *Eames* v *Eames*, 41 N. H. 177; *Cooper* v *Dedrick*, 22 Barb. 516; *Clark* v *Alexander*, 8 Scott, N. R. 147; *Anderson* v *Clay*, 1 Starkey, 121; 19 A. & E. Ency. p. 76.

*J. A. Peters, Jr.*, for defendant Wm. H. Bulger.

Wm. H. Bulger was not actually a member of the defendant firm at the time of the contracting of the bill sued for, and had not been a member for over a year. Plaintiff claims that Wm. H. Bulger failed to give them notice of his withdrawal and so is liable to them for this bill. The question is thus one of estoppel and should be regarded as such. The defendant is entitled to have the proof clear, if he is to be precluded from alleging the actual facts, —especially where the result of the estoppel is to deprive him of his property to such a considerable extent.

Liability of partner who has withdrawn liability is by estoppel only. *Scarf* v. *Jardine*, 7 App. Cas. 345, referred to in *Elkinton* v. *Booth*, 143 Mass. 482; *Bloch* v. *Price*, 32 Fed. Rep. 562.

Defendant claimed to be able to show facts and circumstances which would authorize the jury to believe that the plaintiff through its agents had actual knowledge of the dissolution of partnership before this bill was contracted. If the defendant could bring actual knowledge home to the plaintiff, it would not be necessary to go further and show a notice from the defendant to the plaintiff.

Knowledge of dissolution may be established by parol or inferred from circumstances. 17 Am. & Eng. Encl. Law, p. 1121, (1st Ed.) When traced to its source, this rule of holding a partner,

who has actually and in good faith withdrawn from a firm, liable for a new debt contracted by his successors with an old dealer, rests upon the principle that where one of two innocent persons must suffer a loss it shall fall upon him whose carelessness or mistake is more nearly the cause of the loss. On this theory the defendant should be permitted to introduce testimony having a direct bearing upon the performance of his whole duty in respect of the plaintiff.

" A notice of dissolution of a partnership published in a newspaper though not per se sufficient to show either that the dissolution took place on a certain day prior to the publication or that the parties dealing with the firm and others had notice of the dissolution on that day, is, however, admissible in evidence as a circumstance tending to show those facts, and if followed up with other evidence may sufficiently charge the parties with notice." *Boyd* v. *McCann*, 10 Md. 122; *Vernon* v. *Manhattan Co.*, 22 Wend. 183. Both cited in support of above quotation in *Lincoln* v. *Wright*, 23 Pa. St. 76, (62 Am. Dec. (note) 322.)

" The fact is, that as to those who have had dealings with the firm, the publication of a notice of dissolution will be received in evidence and left to the jury, who must determine from all the circumstances of the case whether the parties had notice." Note in 62 Am. Dec. 322. The bill of exceptions show that the defendant had two contentions, one, that direct notice had been given plaintiff by word of mouth; and two, that a certain notice, published in a certain way, together with other circumstances, authorized the conclusion that the plaintiff had actual knowledge. It was as a part of this second contention that the evidence was offered. The fact that the agent of the plaintiff denied that he either received notice, or had knowledge, cannot affect the question of admissibility of this evidence, as the fact of his having knowledge was the question at issue.

Postal cards: They were statements of admissions of a former partner not in any way relating to the former partnership business and were no better than the admissions of a third party. In *Nichols* v. *White*, 85 Maine, 531, two men were partners as Law-

rence Brewing Co., and dissolved. The point was, as in this case, whether the plaintiff had notice of the dissolution. A written statement by a former partner was offered and admitted in the court below. The court says: "It does not distinctly appear when the statement admitted in evidence was written; but it was written after the dissolution of the firm, and after the commencement of this suit. The paper was not relevant to any fact to be established in the action against William H. Nichols. He did not defend the action. The only issue was as to the liability of the defendant White, and he alone defended. The statement, as against him, was mere hearsay. The declarations of one partner after the dissolution of a firm, not made in the business of winding up, and not connected with any transaction or dealing connected with the dissolution of the partnership, are inadmissible against his copartner. He may bind himself by his admissions, but as to his former partners, his agency, except for special purposes, is terminated by the dissolution, and his admissions are like those of a stranger, and they are not bound by them." See also cases cited there. When these cards were offered and admitted no evidence of a dissolution, or any other evidence, had been presented by the defendant. But this did not make these cards any more admissible. The whole and only issue was the fact of knowledge by the plaintiff of dissolution. All the evidence presented was on this one point.

If there had not been a dissolution of partnership prior to the date of the first postal card there would have been no object or reason in introducing them. If they were introduced on the theory that there had been no dissolution, or no evidence of dissolution, then they were immaterial and inadmissible as in no way connected with the account sued upon.

SITTING: PETERS, C. J., HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

HASKELL, J. Plaintiff was a corporation dealing in merchandise in Portland. Defendants were copartners trading at Bar Harbor under name of Bulger Brothers. They dissolved copartnership

and one of the brothers, continuing the business under the firm name, ordered the goods sued for in the firm name of Bulger Brothers. The plaintiff gave credit to the firm, as it had previously been in the habit of doing before the dissolution, and denied knowledge of it.

I. The defendant, who had retired from the firm, seasonably denied the partnership and insisted that plaintiff knew of the dissolution, and in support of that contention offered in evidence a notice of the dissolution published in the Bar Harbor Record before the merchandise sued for had been ordered. Upon objection by the plaintiff the court inquired of defendants' counsel whether he proposed to show that the notice had been brought to the attention of the plaintiff or its agent before the goods were ordered. He replied " that he was not willing that the notice should be admitted on the understanding that he should so prove ;" thereupon the notice was excluded and defendant has exception. If the plaintiff had no knowledge of the notice, of course, its admission could serve no good purpose. It became entirely immaterial to the issue, whether in or out, and its exclusion was not error.

II. The plaintiff was allowed to read in evidence twenty-one postal cards, dated after the dissolution, ordering goods under the name of Bulger Brothers. To the admission of these cards defendant has exception.

The pleadings are not made a part of these exceptions, but the exceptions state that the retiring partner filed " pleadings denying partnership and his liability as a partner." It was incumbent upon the plaintiff to prove a sale and delivery of the goods as well as the liability of the defendant as a partner. To show the sale it was clearly competent to produce a written order for the goods that were delivered; and for this purpose the cards were admissible. The retiring partner may not have authorized the writing of these orders, but he did suffer the continuance of the business by his brother, under the old name of Bulger Brothers, and to the old

customers of the firm, continuing to deal with it without knowledge of his retirement, he remained liable.

*Exceptions overruled.* ·